[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13568
Non-Argument Calendar

_____

Agency No. A79-475-849

CLEMENTE GOMEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 22, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Clemente Gomez, a native and citizen of Colombia, seeks review of the Board of Immigration Appeals's ("BIA") decision, affirming the Immigration Judge's ("IJ") order finding him removable and denying his applications for asylum, withholding of removal, and relief based on the United Nations Convention on Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The BIA affirmed the IJ's findings that any persecution or fear of persecution by the Revolutionary Armed Forces of Colombia ("FARC") that Gomez might have suffered was solely on account of his governmental contacts through his work as a salesperson and, thus, lacked a nexus to one of the five enumerated grounds in the Immigration and Nationality Act ("INA") to establish eligibility for asylum and withholding of removal. On petition for review, Gomez contends that he met his burden in proving eligibility for asylum and withholding of removal, contending that he was persecuted, and fears future persecution, by the FARC on account of: (1) his political opinion and imputed political opinion, based on his contacts with government officials; and (2) his membership in a particular social group consisting of his family, because his brother was killed, allegedly for his failure to cooperate with the FARC.

The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a

2

whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation omitted). We lack jurisdiction to consider claims that Gomez raises in his petition for review unless he exhausted his administrative remedies with respect thereto by raising them before the BIA, regardless of whether the BIA addressed the claims sua sponte. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). As the asylum applicant, Gomez carried the burden of proving his statutory "refugee" status. See Al Najjar, 257 F.3d at 1284. In order to have carried this burden, Gomez must have, with specific and credible evidence, established (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. See 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. To qualify for withholding of removal under the INA, Gomez must have shown that it

3

is more likely than not that, if returned to his country, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3).

Upon review of the entire administrative record, and upon consideration of the briefs of the parties, we discern no reversible error. We conclude, first, that Gomez did not challenge, before the BIA, the IJ's denial of his claim for CAT relief and, likewise, did not argue before the BIA, as he now argues before us, that he feared persecution on account of his membership in a social group consisting of his family. Accordingly, he failed properly to exhaust these claims before the BIA, and, we, therefore, are without jurisdiction to consider them on petition for review. Second, we conclude that substantial evidence supports the BIA's findings that Gomez has not demonstrated that he suffered past persecution, or has a well-founded fear of persecution if returned to Colombia, on account of his political opinion or imputed political opinion. Gomez's evidence demonstrates, rather, that the FARC was interested in him solely on the basis of his potentially useful connections to government officials. Thus, the record does not compel reversal, and, we deny Gomez's petition for review.

**PETITION DENIED.**